Walter F. Wiggins, Jr., SBN 138403
**LAW OFFICES OF WALTER F. WIGGINS, JR.**
5109 Topanga Canyon Boulevard
Woodland Hills, California 91364
(818) 462-6356
wfwjrlaw@aol.com

Attorney for Plaintiff
Fanny Giraldo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Fanny Giraldo, an Individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Ocwen Financial Corporation; Ocwen Mortgage Servicing, Inc.; Ocwen Loan Servicing, LLC; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No.: 2:16-cv-08661<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) Breach of Contract; and**<br>**(2) Constructive Fraud**<br><br>**DEMAND FOR JURY TRIAL** |

**GENERAL ALLEGATIONS**

1. Plaintiff, Fanny Giraldo, is an individual residing in the County of Los Angeles, California.

2. Defendant, Ocwen Financial Corporation, is, on information and belief, a corporation organized under the laws of the State of Florida and maintains its principal place of business in the State of Georgia.

3. Defendant, Ocwen Mortgage Servicing, Inc., is, on information and belief, a corporation organized under the laws of the United States Virgin Islands and maintains its principal place of business in the United States Virgin Islands.

4. Defendant, Ocwen Loan Servicing, LLC, is, on information and belief, a citizen of the States of Florida and Georgia for purposes of diversity jurisdiction.

5. The true names and capacities of Defendants DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff and, therefore, Plaintiff brings suit against said Defendants by such fictitious names herein. Plaintiff will amend this Complaint to show the true names when the same have been ascertained.

6. Plaintiff is informed and believes and based thereon alleges that each of the defendants, including the fictitiously named DOE Defendants are also responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by said Defendants.

7. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that each of the Defendants, including DOES 1 through 20, inclusive, were the authorized, actual and/or ostensible agents, and or servants or employees of the remaining defendants and in doing the things herein complained of were acting within the course and scope of their authority as agents, servants, representatives, co-conspirators, joint ventures, partners, alter egos, and/or employees and with the permission and consent of their co-Defendants, and that each Defendant ratified the acts of the other Defendants.

8. Plaintiff is informed and believes and based thereon alleges that each of the Defendants were and are in some manner responsible for the actions, acts, and omissions, herein

alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

9. Plaintiff is informed and believes and based thereon alleges that each of the defendants, including DOES 1 through 20, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants. Wherever appearing in this Complaint each and every reference to Defendants, or to any of them, is intended to and shall be reference to all Defendants hereto and to each of them, named and un-named, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

10. Venue is proper in this jurisdiction because the acts and transactions forming the basis for this complaint occurred within the judicial district and division of this Court.

11. This Court has original jurisdiction over this action.

## **FACTUAL SUMMARY**

12. On or about April 27, 2016, after much negotiation, Plaintiff executed a "Loan Modification Agreement (Shared Appreciation)" dated February 24, 2016 (hereinafter "Modification Agreement") with Defendants pertaining to the mortgage payments due from Plaintiff for her residence located at 24969 Avenida Balita, Valencia, California 91355 (hereinafter the "Property"). Prior to signing the Modification Agreement, Plaintiff was assured by Defendants that their underwriting department had already included all unpaid taxes for the Property, and fees, in making their calculations prior to arriving at the new monthly payment for the Property.

13. The new monthly payment called for under the Modification Agreement was $2,649.20. Plaintiff was required to make two (2) trial forbearance payments for April 1 and May 1, 2016. Plaintiff made these payments, and on June 1, 2016 Plaintiff's loan was officially modified and she was no longer in a delinquent status. Plaintiff made the monthly loan payment of $2,649.20 on June 1, July 1 and August 1, 2016.

3
FIRST AMENDED COMPLAINT

14. When Plaintiff attempted on July 21, 2016 to make her payment due August 1, 2016, she was notified by Defendants that the monthly payment had increased to $3,057.30 because Defendants had, on or about June 8, 2016, paid the sum of $24,122.83 to the Los Angeles County Assessor for taxes owed on the Property. In order to protect her Property from foreclosure, Plaintiff has, since August 1, 2016, tendered the monthly sum of $3,057.30 to Defendants under duress and with a reservation of rights.

15. Plaintiff is unable to afford a monthly payment of $3,057.30 – more than $400 more than the agreed-upon payment of $2,649.20. When Plaintiff negotiated and executed the Modification Agreement, she was told that all taxes, etc., on the Property had been taken into consideration when arriving at the new modified payment amount of $2,649.20, and she relied on that representation when executing the Modification Agreement.

## FIRST COUNT
## Breach of Contract
### (Against All Defendants)

16. Plaintiff hereby reincorporates and re-alleges paragraphs 1-15 as though fully set forth herein.

17. On or about April 27, 2016, Plaintiff and Defendants entered into a "Loan Modification Agreement (Shared Appreciation)" that called for a monthly mortgage payment for the Property of $2,649.20. Plaintiff made the required monthly mortgage payment for the Property for the months of April through July, 2016.

18. Prior to August 1, 2016, Defendants breached the Modification Agreement by refusing to accept the agreed-upon payment of $2,649.20, and instead requiring Plaintiff to pay the monthly sum of $3,057.30 commencing August 1, 2016. Plaintiff has, under duress, and with a reservation of rights, made the increased payment so as not to be put into foreclosure and jeopardize her home.

19. Plaintiff has performed all obligations to Defendants except those obligations Plaintiff was prevented or excused from performing.

20. As a direct and proximate result of Defendants' breach of the Modification Agreement, Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND COUNT

### Constructive Fraud

### (Against All Defendants)

21. Plaintiff hereby reincorporates and re-alleges paragraphs 1-20 as though fully set forth herein.

22. When Plaintiff agreed to the Modification Agreement calling for a monthly mortgage payment in the sum of $2,649.20, she was told by Defendants that this sum took into account all the unpaid taxes and fees relating to the Property. In fact, this was an untrue representation because, according to Defendants' later admission, they had not taken into account some $24,122.83 in property taxes owed to the Los Angeles County Assessor for the Property (a fact unknown to Plaintiff) at the time they calculated the new monthly mortgage payment.

23. At the time Defendants made the representation to Plaintiff that their underwriting department had included all unpaid taxes and fees relating to the Property in calculating the modified monthly mortgage payment amount of $2,649.20, Defendants had no reasonable grounds for believing the representation to be true.

24. Defendants intended that Plaintiff rely on their misrepresentation for the purpose of consummating the Modification Agreement.

25. At the time Plaintiff acted to execute and accept the new modified terms set forth in the Modification Agreement, she did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

26. As a direct and proximate result of Defendants' misrepresentations and constructive fraud, Plaintiff has suffered damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general and compensatory damages, plus interest, in an amount to be proven at trial;
2. For punitive damages;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated:  January 4, 2016              **LAW OFFICES OF WALTER F. WIGGINS, JR.**


By_____/s/ *Walter F. Wiggins, Jr.*_____
    Walter F. Wiggins, Jr.
    Attorney for Plaintiff
    FANNY GIRALDO

**DEMAND FOR JURY TRIAL.**

Plaintiff, FANNY GIRALDO, hereby demands a trial by Jury of the above-captioned matter.

Dated: January 4, 2016         **LAW OFFICES OF WALTER F. WIGGINS, JR.**

By_____/s/ *Walter F. Wiggins, Jr.*_____
           Walter F. Wiggins, Jr.
           Attorney for Plaintiff
           FANNY GIRALDO