**McGLINCHEY STAFFORD**
Adam S. Hamburg (SBN 247127)
ahamburg@mcglinchey.com
Brian A. Paino (SBN 251243)
bpaino@mcglinchey.com
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040

Attorneys for *Defendants* **OCWEN FINANCIAL CORPORATION, OCWEN MORTGAGE SERVICING, INC., and OCWEN LOAN SERVICING, LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FANNY GIRALDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, a business entity unknown; OCWEN MORTGAGE SERVICING, INC., a business entity unknown; OCWEN LOAN SERVICING, LLC, a limited liability corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-08661-RGK-AS<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>*[Filed concurrently with Request for Judicial Notice and [Proposed[ Order]*<br><br>**Hearing:**<br>Date:        September 25, 2017<br>Time:        9:00 a.m.<br>Ctrm.:       850<br><br>State Court Case No. PC057253<br>Action Filed:   August 18, 2016<br>Trial Date:      December 19, 2017 |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, on September 25, 2017, at 9:00 a.m., in Courtroom 850, or as soon thereafter as the matter may be heard, at the United States District Courthouse, located at 255 East Temple Street, Los Angeles, CA  90012, *defendants* Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., And Ocwen Loan Servicing, LLC (collectively "Ocwen") by and through its counsel of record, will, and hereby does, move the Court, pursuant to Federal Rule of Civil

Procedure 12(c), for an order granting judgment on the pleadings in favor of Ocwen and against *plaintiff* Fanny Giraldo ("Plaintiff").

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion is made on the ground that Plaintiff's complaint filed herein (the "Complaint") fails to state a claim upon which relief can be granted and, thus, Ocwen is entitled to judgment as a matter of law.

This motion is based on the attached Memorandum, the request for judicial notice filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

DATED:  August 28, 2017                     **McGLINCHEY STAFFORD**


By: _/s/_ Adam S. Hamburg
ADAM HAMBURG
BRIAN A. PAINO
Attorneys for Defendants **OCWEN FINANCIAL CORPORATION, OCWEN MORTGAGE SERVICING, INC., and OCWEN LOAN SERVICING, LLC**


**LOCAL CIVIL RULE 7-3 CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3, which has been ongoing July 28, 2017.

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**
959841.1

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................... 1

    A.  The Loan ........................................................................................ 1

    B.  Foreclosure Proceedings ............................................................... 2

    C.  The Loan Modification .................................................................. 2

    D.  The Current Lawsuit ...................................................................... 3

III.  LEGAL STANDARD ............................................................................... 3

IV.  LEGAL ANALYSIS ................................................................................. 4

    A.  Plaintiff Fails to State a Cause of Action for Breach of Contract ............ 4

        1.  Plaintiff Has Failed to Establish that Ocwen Breached the Agreement ........... 4

        2.  Plaintiff's First Cause of Action is Barred by the Parol Evidence Rule .......... 6

        3.  Plaintiff's First Cause of Action is Barred by the Statute of Frauds .......... 7

        4.  Plaintiff Cannot Establish that She Has Suffered Any Damages .......... 8

    B.  Plaintiff's Second Cause of Action Fails as a Matter of Law .................. 9

        1.  Plaintiff's Constructive Fraud Claim Lack the Requisite Specificity ......... 9

        2.  Plaintiff's Constructive Fraud Claim Fails to State Facts Sufficient to State a Cause of Action Against Ocwen ......... 10

            a.  Plaintiff Has Not Alleged the Existence of a Fiduciary Relationship with Ocwen ......... 11

            b.  Plaintiff Has Failed to Adequately Plead Justifiable Reliance Resulting in Damage ......... 11

V.  CONCLUSION ........................................................................................ 13

**TABLE OF CONTENTS**

959841.1

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...................................................................................4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)...................................................................................4

*Doyle v. Hasbro, Inc.,*
  103 F.3d 186 (1st Cir. 1996).....................................................................9

*Dworkin v. Hustler Magazine, Inc.,*
  867 F.2d 1188 (9th Cir. 1989) ..................................................................3

*Geraci v. Homestreet Bank,*
  347 F.3d 749 (9th Cir. 2003) ....................................................................3

*Giron v. Wells Fargo Bank, N.A.,*
  2014 WL 3434127 (C.D. Cal., July 11, 2014)........................................11

*Heliotrope Gen., Inc. v. Ford Motor Co.,*
  189 F.3d 971 (9th Cir. 1999) ....................................................................3

*In re Harmon,*
  250 F.3d 1240 (9th Cir. 2001) ................................................................10

*Pedersen v. Greenpoint Mortgage Funding, Inc.,*
  2011 WL 3818560 (E.D. Cal., Aug. 29, 2011, CIV S-11-0642 KJM)....10

*Stanley v. Trs. of Cal. State Univ.,*
  433 F.3d 1129 (9th Cir. 2006) ..................................................................3

*Starr v. Baca,*
  652 F.3d 1202 (9th Cir. 2011) ..................................................................4

*Vieste v. Hill Redwood Development, LTD.,*
  2010 WL 1265193 (N.D. Cal. 2010) ......................................................10

*Weber v. Dep't of Veterans Affairs,*
  521 F.3d 1061 (9th Cir. 2008) ..................................................................4

### **STATE CASES**

*Alling v. Universal Mfg. Corp.,*
  5 Cal. App. 4th 1412 (1992) ..................................................................6, 7

*Assilzadeh v. California Federal Bank,*
  82 Cal. App. 4th 399 (2000) ...................................................................10

*Bruckman v. Parliament Escrow Corp.,*
  190 Cal.App.3d 1051 (1987) .....................................................................8

959841.1

*Cent. Valley Gen. Hosp. v. Smith*,
   162 Cal. App. 4th 501 (2008) .......................................................................4, 5

*Collins v. Marvel Land Co.*,
   13 Cal.App.3d 34 (1970) ...............................................................................7

*Gaggero v. Yura*,
   108 Cal. App. 4th 884 (2003) ........................................................................8

*Kim v. Sumitomo Bank of Cal.*,
   17 Cal.App.4th 974 (1993) ..........................................................................11

*Nymark v. Heart Fed. Savings & Loan Assn.*,
   231 Cal.App.3d 1089 (1991) .......................................................................11

*Oasis W. Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) ...................................................................................4

*Reichert v. General Ins. Co.*,
   68 Cal.2d 822 (1968) .....................................................................................4

*Rossberg v. Bank of Am., N.A.*,
   219 Cal. App. 4th 1481 (2013) ....................................................................12

*Rufini v. CitiMortgage, Inc.*,
   227 Cal.App.4th 299 (2014) ........................................................................11

*St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.*,
   101 Cal.App.4th 1038 (2002) ........................................................................8

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
   2 Cal.App.4th 153 (1991) ............................................................................10

*Tribeca Companies, LLC v. First Am. Title Ins. Co.*,
   239 Cal.App.4th 1088 (2015) ........................................................................8

*US Ecology, Inc. v. State*,
   129 Cal. App. 4th 887 (2005) ........................................................................9

*Vu v. California Commerce Club, Inc.*,
   58 Cal.App.4th 229 (1997.) ...........................................................................8

*Wolf v. Superior Court*,
   107 Cal.App.4th 25 (2003) ..........................................................................11

**STATE STATUTES**

Cal. Civ. Code § 1624(a)(6)............................................................................8

Cal. Civ. Code § 1709....................................................................................8

Cal. Civ. Code § 3300....................................................................................8

Cal. Civ. Code § 3333....................................................................................8

iii

**TABLE OF AUTHORITIES**

959841.1

Cal. Code of Civ. Proc § 1856 ...................................................................... 6

**FEDERAL RULES**

Fed R. Civ. P. Rule 9 .................................................................................... 9

Fed R. Civ. P. Rule 9(b) ............................................................................. 10

Fed R. Civ. P. Rule 12(b)(6) ........................................................................ 3

Fed R. Civ. P. Rule 12(c) ......................................................................... 1, 3

**Other Authorities**

Rest.2d Contracts, § 251 ............................................................................... 6

Rest.2d Contracts, § 347 ............................................................................. 10

Rest.2d Torts, § 546 .................................................................................... 10

Rest.2d Torts, § 766 .................................................................................... 10

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Fanny Giraldo's ("<u>Plaintiff</u>") First Amended Complaint ("<u>FAC</u>") is based on the ill-conceived theory that Ocwen Loan Servicing, LLC should be required to pay her delinquent property taxes on her behalf, but should be precluded from seeking reimbursement from her.  As discussed herein below, after Plaintiff entered into a loan modification agreement modifying the terms of her mortgage loan, Ocwen discovered that Plaintiff had failed to pay approximately $24,122.83 to the County of Los Angeles for unpaid property taxes.  Ocwen thereafter paid these unpaid property taxes and added this amount to Plaintiff's escrow account.

Plaintiff contends that the addition of these amounts to her escrow account constitutes a breach of the loan modification agreement because it has caused her monthly payment to increase, which she contends is a breach of the agreement.  As such, Plaintiff has sued Ocwen for breach of contract and constructive fraud.

As discussed herein, Plaintiff's breach of contract claim fails as a matter of law because Plaintiff cannot establish that (1) Ocwen breached any of its obligations under the contract; and (2) Plaintiff has not established that she suffered any damages. Likewise, Plaintiff cannot state a cause of action for constructive fraud because (1) she has failed to allege her claim with the requisite specificity; (2) she has not alleged the existence of a fiduciary relationship with Ocwen; and (3) she has not established that she has suffered any damage.  As a result of the foregoing, the Court should grant this Motion in its entirety and enter judgment on the pleadings in favor of Ocwen and against Plaintiff.

### II.     STATEMENT OF FACTS

#### A.      The Loan

On or about November 27, 2006, Plaintiff obtained a mortgage loan (the "<u>Loan</u>") from American Brokers Conduit in the original principal sum of $560,800.00, which was reflected in a promissory note (the "<u>Note</u>") and secured by a

1

959841.1

deed of trust (the "<u>Deed of Trust</u>") encumbering the real property located at 24969 Avenida Balita, Valencia, California 91355 (the "<u>Property</u>"). See Request for Judicial Notice ("RJN"), Exhibit "1".  On  November 12, 2012, American Brokers Conduit executed an Assignment of Deed of Trust assigning its beneficial interest under the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2 ("<u>Deutsche Bank</u>"). See RJN, Exhibit "2."  Ocwen Loan Servicing, LLC is the currently servicer of the Loan.

### B.    <u>Foreclosure Proceedings</u>

On December 1, 2009, Plaintiff defaulted on her payment obligation under the Loan.  As a result of Plaintiff's default on approximately $167,110.01 worth of payments due on the Loan, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded against the Property on May 20, 2012. See RJN, Exhibit "3." Following Plaintiff's failure to cure the default, a Notice of Trustee's Sale ("NOTS") was recorded against the Property on November 2, 2015. See RJN, Exhibit "4."  On February 2, 2016, a second Notice of Trustee's Sale ("2nd NOTS") was recorded against the Property, and a foreclosure sale was scheduled for February 29, 2016.  At the time the 2nd NOTS was recorded, the total unpaid balance on the loan was $858,904.26. See, RJN, Exhibit "5."

### C.    <u>The Loan Modification</u>

In an effort to assist Plaintiff avoid foreclosure, Ocwen Loan Servicing, LLC presented Plaintiff with a Loan Modification Agreement (Shared Appreciation) dated February 24, 2016 (the "<u>Agreement</u>"), which Plaintiff ultimately executed on April 14, 2016. See, RJN Exhibit "6."  As set forth in the Agreement, beginning June 1, 2017, Plaintiff's new monthly payment would be $2,649.20, which was comprised of $2,033.09 of monthly principal and interest and a monthly escrow payment of $616.11. *Id.*  However, the Agreement expressly states that '[t]he escrow payments

1  may be adjusted periodically in accordance with the applicable law and therefore the

2  total monthly payment may change accordingly." *Id.*

3        Subsequent to the execution of the Agreement, Ocwen Loan Servicing, LLC

4  performed an escrow analysis in June 2016 and determined that Plaintiff owed

5  approximately $24,122.83 to the County of Los Angeles for unpaid property taxes.

6  Accordingly, pursuant to the terms of the Deed of Trust and the Agreement, Ocwen

7  paid these sums and added this amount to Plaintiff's escrow account, which increased

8  Plaintiff's monthly payment. FAC, ¶ 14.

9        **D.**    **The Current Lawsuit**

10        On August 18, 2016, Plaintiff commenced this action by filing a complaint for

11  breach of contract in the Los Angeles County Superior Court.  On November 21, 2016

12  Ocwen removed this action to this Court.  On January 4, 2017 Plaintiff filed her First

13  Amended Complaint ("FAC"), which asserts claims for breach of contract and

14  constructive fraud.  Ocwen filed its Answer to the FAC on January 18, 2017.

15  **III.**  **LEGAL STANDARD**

16        Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for

17  judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to

18  delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings should be

19  granted where it appears the moving party is entitled to judgment as a matter of law."

20  *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003); *see also Stanley v. Trs.*

21  *of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). In addition to considering

22  the allegations of the complaint, the court may also take into account materials to

23  which it can take judicial notice. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189

24  F.3d 971, 981, n.18 (9th Cir. 1999).

25        A motion under Rule 12(c) is virtually identical to a motion under Rule 12(b)(6)

26  and the same standard applies to both motions. *See Dworkin v. Hustler Magazine,*

27  *Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6)

28  motions differ in time of filing but are otherwise "functionally identical," and

applying the same standard of review). Thus, to survive a motion under Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *See Iqbal,* 556 U.S. at 679.

## IV.   **LEGAL ANALYSIS**

### A.   **Plaintiff Fails to State a Cause of Action for Breach of Contract**

It is well settled in California that the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) *citing Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968).  As discussed below, Plaintiff's breach of contract claim fails as a matter of law because Plaintiff has not and cannot establish that Ocwen breached the Agreement or that Plaintiff has incurred any damages as a result of the purported breach.

#### 1.   **Plaintiff Has Failed to Establish that Ocwen Breached the Agreement**

In California, a contract can be breached by nonperformance, by repudiation, or a combination of the two. *Cent. Valley Gen. Hosp. v. Smith*, 162 Cal. App. 4th 501,

4

514 (2008).  The phrase "breach by nonperformance" means an unjustified failure to perform a material contractual obligation when performance is due. *Id. citing* Rest.2d Contracts, § 251, subd. (1), p. 276.

As alleged in the FAC, Plaintiff contends that Ocwen breached the Agreement by requiring Plaintiff to pay the monthly sum of $3,057.30 commencing on August 1, 2016, as opposed to the amount of $2,649.20, as specified in the Agreement. FAC, ¶ 18.  Simply stated, Plaintiff's allegation is based on the ill-informed and misguided assumption that the monthly payment term in the Agreement can never change.  While the monthly principal and interest component of the monthly payment is fixed for the duration of the Agreement, the express terms of the Agreement unequivocally establish that the escrow component of the Agreement "…may be adjusted…and therefore that total monthly payment may change accordingly." See, RJN, Exhibit "6," Section 2(E).

Contrary to Plaintiff's interpretation, the Agreement does not state that Plaintiff's monthly payment shall be fixed in the amount of $2,649.20 for the duration of the Agreement.  Stated differently, the Agreement does not contain any provision that precludes Ocwen from increasing the monthly payment or seeking payment in an amount greater than $2,649.20.   Accordingly, Plaintiff has not alleged that Ocwen failed to perform a material contractual obligation, and Plaintiff's assertion that Ocwen breached the Agreement by requiring Plaintiff to make payments in a larger amount is insufficient for the purposes of establishing a claim for breach of contract.

Moreover and more importantly, Ocwen conduct was expressly authorized under the terms of the Agreement and Deed of Trust, and therefore, cannot constitute a breach of the Agreement.  Specifically, the Agreement and Deed of Trust contain provisions that expressly provide that if Plaintiff fails to pay an Escrow Item, which includes property taxes, Ocwen may exercise its rights and pay any such amount, and Plaintiff shall then be obligated to repay Ocwen for such amounts.  See, RJN, Exhibit "1," Section 3, RJN, Exhibit "6," Section 4(C).

5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff's FAC concedes that as a result of Plaintiff's failure to pay her property taxes, Ocwen was required to pay approximately $24,122.83 to the County of Los Angeles for the unpaid "…taxes owed on the Property." FAC, ¶ 14.   In accordance with the express terms of the Agreement and Deed of Trust, Plaintiff is obligated to repay Ocwen for this payment, and as such, it was authorized to add the $24,122.83 to Plaintiff's escrow account.  Since this conduct is expressly authorized by under the Agreement and Deed of Trust, Plaintiff cannot, as a matter of law, establish that Ocwen has breached the Agreement.  Accordingly, Plaintiff's breach of contract claim fails to state facts sufficient to constitute a cause of action, and therefore, this Motion should be granted and judgment on the pleadings should be entered in favor of Ocwen.

## 2. Plaintiff's First Cause of Action is Barred by the Parol Evidence Rule

While Plaintiff alleges that an unidentified Ocwen representative purportedly assured Plaintiff that her unpaid property taxes had been included in the calculation of her loan modification (FAC, ¶ 12), Plaintiff is estopped from relying on this allegation for the purpose of establishing a breach of the Agreement under the Parol Evidence Rule.

"The parol evidence rule generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument.  (internal citations omitted.)  An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement.  In California, the rule is embodied in Code of Civil Procedure section 1856, which states that '[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. '*Alling v. Universal Mfg. Corp.,* 5 Cal. App. 4th 1412, 1433 (1992).

**MEMORANDUM OF POINTS AND AUTHORITIES**
959841.1

"The Parol Evidence Rule is not merely a rule of evidence concerned with the method of proving an agreement; it is a principle of substantive law. The rule derives from the concept of an integrated contract, and is based on the principle that when the parties to an agreement incorporate the complete and final terms of the agreement in a writing, such an 'integration' in fact becomes the complete and final contract between the parties, which may not be contradicted by evidence of purported collateral agreements. 'The point then is, not how the agreement is to be proved, because as a matter of law the writing is the agreement. Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, thus being determined as a matter of law to be the writing itself. The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations.' " *Id.* at 1433-34.

Section 4(D) of the Agreement clearly establishes that all of the terms of the Note and Deed of Trust, except as modified by the Agreement, remain in full force and effect, and that Plaintiff is bound by, and will comply with, all of the terms and conditions of the Loan Documents. The Loan Documents are fully integrated documents, and therefore, are final expressions of the parties agreement and may not be contradicted by evidence of any prior oral agreement.

While Plaintiff's FAC does not clearly identify any actual oral agreement between herself and Ocwen, any such allegation would be barred by the Parol Evidence Rule, since it predated the execution of the Agreement.

### 3.   Plaintiff's First Cause of Action is Barred by the Statute of Frauds

An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds. Civ. Code, § 1698(a) ["A contract in writing may be modified by a contract in writing"]; *Collins v. Marvel Land Co.*, 13 Cal.App.3d 34, 43 (1970).

7

959841.1

1     It is uncontroverted that the Note is subject to the statute of frauds, as it

2    constitutes an agreement by a purchaser of real property to pay an indebtedness

3    secured by a deed of trust upon the property purchased.  Civ. Code, § 1624(a)(6).

4     Since the Note is subject to the statute of frauds, so is the Agreement.

5    Therefore, any terms that Plaintiff seeks to enforce must be in writing, and parol

6    evidence is not admissible to establish the terms of an agreement subject to the statute

7    of frauds. *Gaggero v. Yura*, 108 Cal. App. 4th 884, 894 (2003).

8     Based on the foregoing, Plaintiff cannot rely on the purported oral

9    representations made by Ocwen to Plaintiff in order to establish her breach of contract

10    claim, as it is well settled that the terms of the Agreement must be in writing to be

11    enforceable.

12     **4.**     **Plaintiff Cannot Establish that She Has Suffered Any Damages**

13     An essential element of every breach of contract claim is that a defendant's

14    alleged misconduct was the cause in fact of the plaintiff's damage. See Civ. Code, §§

15    1709, 3300, 3333; Rest.2d Contracts, § 347; Rest.2d Torts, §§ 546, 766; *St. Paul Fire*

16    *& Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.*, 101 Cal.App.4th

17    1038, 1060 (2002).   "The causation analysis involves two elements. One is cause in

18    fact. An act is a cause in fact if it is a necessary antecedent of an event.  The second

19    element is proximate cause. [P]roximate cause 'is ordinarily concerned, not with the

20    fact of causation, but with the various considerations of policy that limit an actor's

21    responsibility for the consequences of his conduct.'"   *Tribeca Companies, LLC v.*

22    *First Am. Title Ins. Co.*, 239 Cal.App.4th 1088, 1102–03 (2015).

23     The test for causation in a breach of contract action is whether the breach was a

24    substantial factor in causing the damages. *Bruckman v. Parliament Escrow Corp.*,

25    190 Cal.App.3d 1051, 1063–1064, (1987).  "Causation of damages in contract cases,

26    as in tort cases, requires that the damages be proximately caused by the defendant's

27    breach, and that their causal occurrence be at least reasonably certain." *Vu v.*

28    *California Commerce Club, Inc.*, 58 Cal.App.4th 229, 233 (1997.)  A proximate cause

1  of loss or damage is something that is a substantial factor in bringing about that loss or

2  damage.  The term "substantial factor" has no precise definition, but "it seems to be

3  something which is more than a slight, trivial, negligible, or theoretical factor in

4  producing a particular result."  *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 909

5  (2005).

6       Here, Plaintiff has not alleged any facts to establish that she has incurred any

7  damages, or that the purported conduct of Ocwen was the cause of her loss or damage.

8  Specifically, the increase to Plaintiff's monthly payments were a result of the fact that

9  Plaintiff is obligated to reimburse Ocwen for the $24,122.83 that it paid to the County

10 of Los Angeles because Plaintiff failed to pay her property taxes.  Accordingly, these

11 amounts cannot constitute a loss or damage, because Plaintiff had an obligation to pay

12 these amounts, and when she failed to do so, Ocwen made these payments in order to

13 protect its security interest in the Property.  If Plaintiff were to be able to recover this

14 amount in the form of damages, Plaintiff would be unjustly enriched, since she would

15 have received the benefit of having Ocwen pay her property taxes without Plaintiff

16 having to reimburse Ocwen for the amount expended on her behalf.

17     **B.**    **Plaintiff's Second Cause of Action Fails as a Matter of Law**

18         **1.**    **Plaintiff's Constructive Fraud Claim Lack the Requisite**

19               **Specificity**

20      Fed R. Civ. P. Rule 9 imposes a heightened pleading requirement for

21 allegations of fraud.  "[M]ere allegations of fraud, corruption or conspiracy, averments

22 to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy

23 the particularity requirement, no matter how many times such accusations are

24 repeated."  *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996). Furthermore, in

25 cases involving a corporate entity, the specificity requirement is even more stringent:

26 "[t]he requirement of specificity in a fraud action against a corporation requires

27 plaintiff to allege the names of the persons who allegedly made the fraudulent

28 representations, their authority to speak, to whom they spoke, what they said or wrote,

9

1   and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.* 2

2   Cal.App.4th 153, 157 (1991).  Stated differently, to avoid dismissal, the complaint

3   must describe the time, place, and specific content of the false representations and

4   identify the parties to the misrepresentations. *Pedersen v. Greenpoint Mortgage*

5   *Funding, Inc.* 2011 WL 3818560 (E.D. Cal., Aug. 29, 2011, CIV S-11-0642 KJM).

6       As evidenced by the face of the FAC, Plaintiff's constructive fraud claim fails

7   to comply with the heightened requirements necessary to state a claim for fraud.

8   Specifically, while Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc.,

9   and Ocwen Loan Servicing, LLC are separate and distinct corporate entities, Plaintiff

10  has merely alleged, in conclusory fashion, that "she was told by Defendants that this

11  sum took into account all the unpaid taxes and fees relating to the Property." FAC, ¶

12  22.   Plaintiff fails to allege the name of the person or persons that made such

13  representations, which entity this person worked for, their authority to speak, the

14  date(s) of when this purported representation was made, or whether the representation

15  was written or oral.     As a result of the foregoing, Plaintiff's claim fails as a matter of

16  law.

17              2.    **Plaintiff's Constructive Fraud Claim Fails to State Facts**

18                    **Sufficient to State a Cause of Action Against Ocwen**

19      "Constructive fraud is a unique species of fraud applicable only to a fiduciary or

20  confidential relationship." *Assilzadeh v. California Federal Bank*, 82 Cal. App. 4th

21  399, 414 (2000); *see also In re Harmon*, 250 F.3d 1240, 1249, n.10 (9th Cir. 2001).

22  To state a claim for constructive fraud, a plaintiff must allege (1) a fiduciary or

23  confidential relationship; (2) an act, omission or concealment involving a breach of

24  that duty; (3) reliance; and (4) resulting damage. *Assilzadeh*, 82 Cal. App. 4th at 414.

25  As with actual fraud, "[t]he facts supporting a claim for constructive fraud also must

26  be alleged with particularity under Rule 9(b)." *Vieste v. Hill Redwood Development,*

27  *LTD.*, 2010 WL 1265193, at *2 (N.D. Cal. 2010).

28

**MEMORANDUM OF POINTS AND AUTHORITIES**
959841.1

1

### a.   Plaintiff Has Not Alleged the Existence of a Fiduciary Relationship with Ocwen

2

3    While Plaintiff has not alleged the existence of a fiduciary or confidential

4    relationship between herself and Ocwen, the law is well settled that California does not

5    recognize a fiduciary relationship between a lender/servicer and borrower.  *See e.g.*,

6    *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, n.1;

7    *Rufini v. CitiMortgage, Inc.*, 227 Cal.App.4th 299, 312 (2014) ("[n]o fiduciary duty

8    exists between a borrower and lender in an arm's length transaction"); *Giron v. Wells*

9    *Fargo Bank, N.A.*, 2014 WL 3434127, at *2 (C.D. Cal., July 11, 2014) ("California

10   law clearly establishes that the "relationship between a lending institution and its

11   borrower-client *is not fiduciary in nature*.")  Specifically, the mere existence of a

12   contractual relationship amounting to a "debtor/creditor relationship" does not create a

13   fiduciary duty. *Wolf v. Superior Court*, 107 Cal.App.4th 25, 32-33 (2003). Moreover,

14   A fiduciary duty only arises if the bank or lender takes on a "special relationship" with

15   the borrower.  See *Kim v. Sumitomo Bank of Cal*., 17 Cal.App.4th 974, 979-81 (1993)

16   (a lender owes a borrower no fiduciary duty unless the borrower can demonstrate a

17   "special relationship or circumstances" giving the lender/borrower relationship a

18   fiduciary character).  Simply stated, Plaintiff has not and cannot establish the

19   existence of a fiduciary relationship between herself and Ocwen.  As such, Plaintiff

20   cannot state a claim for constructive fraud as a matter of law, and therefore, the court

21   should enter judgment on the pleadings in favor of Ocwen as to this claim.

22

### b.   Plaintiff Has Failed to Adequately Plead Justifiable Reliance Resulting in Damage

23

24   "A plaintiff asserting fraud by misrepresentation is obliged to ...'establish a

25   complete causal relationship' between the alleged misrepresentations and the harm

26   claimed to have resulted therefrom.  This requires a plaintiff to allege specific facts

27   not only showing he or she actually and justifiably relied on the defendant's

28   misrepresentations, but also how the actions he or she took in reliance on the

11

959841.1

defendant's misrepresentations caused the alleged damages." *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1499 (2013). "Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages  Indeed, '[a]ssuming ... a claimant's reliance on the actionable misrepresentation, no liability attaches if the damages sustained were otherwise inevitable or due to *unrelated causes.*' If the defrauded plaintiff would have suffered the alleged damage even in the absence of the fraudulent inducement, causation *cannot* be alleged and a fraud cause of action cannot be sustained." *Id.*

As a preliminary matter, Plaintiff has not alleged with the requisite specificity that she relied on the purported representations to her detriment.  Specifically, Plaintiff does not allege that she took any actions that she would not have otherwise taken had such representations not been made.  Notwithstanding the foregoing, to the extent that Plaintiff contends that she would not have executed the Agreement had Ocwen not made the purported representations, this self-serving allegation is wholly without merit.  Notably, had Plaintiff not entered into the Agreement, Plaintiff's property would have been foreclosed upon, and Plaintiff would have lost her home.

Likewise, as discussed above, Plaintiff has not and cannot establish that she sustained any damages as a result of Ocwen's purported conduct.  While Plaintiff has not alleged how, if at all, she has incurred any damages, Plaintiff's purported damages appear to be the increased monthly payment she has had to make on her loan.  However, as discussed above, Plaintiff had an obligation to pay her property taxes, and when she failed to do so, Ocwen paid the property taxes for Plaintiff and is now seeking reimbursement for these amounts by applying these payments to her escrow account.  These amounts are not damages, because Plaintiff is required to pay Ocwen for all taxes it paid on her behalf.  As such, Plaintiff cannot establish that she incurred any damages as a result of the purported fraud.  Therefore, Plaintiff's second cause of action is fatally defective and must be dismissed.

**MEMORANDUM OF POINTS AND AUTHORITIES**
959841.1

1

## V.   <u>CONCLUSION</u>

2

For the reasons set forth herein, Ocwen respectfully requests that its Motion be

3

granted, in its entirety, without leave to amend.

4

DATED:  August 28, 2017                **McGLINCHEY STAFFORD**

5

6

By:___/s/ Adam S. Hamburg_____

7

ADAM S. HAMBURG
BRIAN A. PAINO

8

Attorneys for Defendants **OCWEN
FINANCIAL CORPORATION, OCWEN**

9

**MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

959841.1

1

## PROOF OF SERVICE

2

3

**STATE OF CALIFORNIA**    )

4                                  )       **ss.**

**COUNTY OF ORANGE**     )

5

I, Marina Hegel, declare:

6

7

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

8

9

On August 28, 2017, I served the document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** as follows:

10

11

☐      **BY MAIL**:  As follows:

12

☐        **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

13

14

15

16

☒     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court.  Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

17

18

☒     **FEDERAL:**  I declare that I employed in the office of a member of the State Bar of this Court at whose direction the service was made.

19

20

Executed on August 28, 2017, at Irvine, California.

21

*Marina Hegel*
_____
Marina Hegel

22

23

24

25

26

27

28

14

**MEMORANDUM OF POINTS AND AUTHORITIES**

959841.1

1
2
3

**SERVICE LIST**
**U.S. District Court, Central District Case No. 2:16-cv-08661-RGK (ASx)**
**FANNY GIRALDO v. OCWEN LOAN SERVICING, LLC, et al.**
**File # 104938.1904**

4
5
6

Walter F. Wiggins, Jr., Esq.
5109 Topanga Canyon Boulevard
Woodland Hills, CA 91364

Attorney for Plaintiff FANNY GIRALDO

Tel: (818) 462-6356
Email:wfwjrlaw@aol.com

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

959841.1